

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

JEFFREY S. CHIESA
Member

jchiesa@csglaw.com

O 973.530.2050  F 973.325.1501

March 21, 2024

<u>Via ECF</u>

The Honorable Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:    *Lewandowski v. Johnson & Johnson et al.*, No. 3:24-cv-00671-ZNQ-RLS (D.N.J.)

Dear Judge Quraishi:

   We represent the Defendants in the above matter. We write to request a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint (Dkt. 1) and to strike the jury demand.

**I.     Background on Johnson & Johnson's Health Benefits Plan and Plaintiff's Claims.**

   **The Plan.** Johnson & Johnson (J&J) has more than 130,000 employees worldwide who are engaged in the research and development, manufacture, and sale of a broad range of products in the healthcare field. *See* Compl. ¶ 12. J&J provides its employees with health benefits through the Johnson & Johnson Group Health Plan (the "Plan"). *Id.* ¶¶ 12–13.

   The Plan provides medical benefits to employees and retirees (and family) of Johnson & Johnson and its affiliated companies. *Id.* The Plan is self-funded, which means J&J bears direct financial responsibility for the cost of its employees' and their dependents' health-related benefits claims. While participants make some financial contribution toward coverage, J&J provides the vast majority of funding. In 2022, for example, J&J contributed $819,989,553 – approximately 85% of the total cost. Accordingly, J&J has every incentive to negotiate the best overall deal for the Plan in terms of pricing and services.

   To administer the prescription drug portion of the Plan, Johnson & Johnson contracts with Express Scripts, Inc., a pharmacy benefit manager (PBM). *Id.* ¶ 40. Express Scripts provides various services, including negotiating with pharmacies to establish pharmacy networks where "beneficiaries can obtain prescription drugs," "processing beneficiaries' claims," and "contracting with [prescription] drug manufacturers to secure price reductions." *Id.*

The Honorable Zahid N. Quraishi
March 21, 2024
Page 2

**The Complaint.** Plaintiff Ann Lewandowski, a participant in the Plan, has brought a putative class action relating to the prescription drug portion of the Plan. The gravamen of her claims is that the Plan fiduciaries allowed participants to be charged excessive prices for "prescription drugs in general and generic-specialty drugs in particular." *Id.* ¶ 9. The Complaint asserts three claims under the Employee Retirement Income Security Act of 1974 (ERISA). Counts I and II are duplicative claims for breach of fiduciary duty and Count III is an individual claim for failure to provide a document Plaintiff requested. It demands a trial by jury.

## II. Plaintiff Lacks Standing to Bring Counts I and II.

For two reasons, the Complaint should be dismissed for lack of Article III standing.

First, Plaintiff lacks standing because she has received all of the benefits to which she is entitled under the Plan. In *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), the Supreme Court held that an ERISA plan participant lacks standing to challenge fiduciary conduct if her entitlement to benefits would be unchanged by the lawsuit. In *Thole*, plaintiffs were participants in a defined benefit plan who claimed that the plan's fiduciaries mismanaged their plan in violation of ERISA. *Id.* at 1618. The Court held that plaintiffs lacked Article III standing to pursue the claims, for reasons that apply equally here: Plaintiff has received all of the benefits she is entitled to receive under the Plan (in this case, coverage for prescription drugs pursuant to Plan terms), and she is legally and contractually entitled to receive the same benefits as long as she is a Plan participant. Her benefits thus "do not fluctuate with the value of the plan or because of the plan fiduciaries' good or bad [plan-related] decisions." *Id.* As a result, regardless of whether Plaintiff were to win or lose this case, she "would still receive the exact same [health] benefits that [she is] already slated to receive." *Id.* at 1619.

This Court has applied *Thole* to dismiss ERISA claims involving health and welfare benefits plans when, as here, plaintiff claims that defendants caused participants to pay excessive out-of-pocket costs. *See Knudsen v. MetLife Grp., Inc.*, No. 2:23-cv-426, 2023 WL 4580406, at *4–5 (D.N.J. July 18, 2023), *appeal pending*, No. 23-2420 (3d Cir. 2023); *see also Winsor v. Sequoia & Ins. Servs., LLC*, 62 F.4th 517, 523–29 (9th Cir. 2023); *Scott v. UnitedHealth Grp., Inc.*, 540 F. Supp. 3d 857, 861–65 (D. Minn. 2021); *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-cv-6749, 2020 WL 5994957, at *3–4 (E.D.N.Y. Oct. 9, 2020), *aff'd*, 858 F. App'x 432 (2d Cir. 2021).

Second, Plaintiff lacks standing because she does not allege that she ever paid for any of the 42 generic-specialty drugs that were allegedly too expensive. *See* Compl. ¶¶ 100–13, 173–86. The Complaint claims that Defendants mismanaged the Plan by "agreeing to steer beneficiaries toward Express Scripts' mail-order pharmacy Accredo," *id.* ¶ 122, and "failing to disincentivize the use of high-price branded drugs on the Plan's formulary in favor of lower-priced generics," *id.* ¶ 128. But Plaintiff does not allege that she was ever "steered" toward Accredo, or that she ever used a branded drug when a lower-priced generic version was available. *Id.* ¶¶ 173–86. Because she has not alleged that she personally was harmed by the challenged conduct, Plaintiff has failed to establish Article

The Honorable Zahid N. Quraishi
March 21, 2024
Page 3

III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021); *see also Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 152 (3d Cir. 2023).

### III. Counts I and II Fails to State a Plausible Claim Under Rule 12(b)(6).

The Court should also dismiss Counts I and II because they fail to state a plausible claim.

First, the Complaint fails to meet the plausibility standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim for imprudence, Plaintiff's allegations must suggest that Defendants failed to employ a reasonable process in choosing Express Scripts as the Plan's PBM. *See, e.g.*, *McCaffree Fin. Corp. v. ADP, Inc.*, No. 20-cv-5492, 2023 WL 2728787, at *13 (D.N.J. Mar. 31, 2023). The Complaint asks the Court to infer imprudence from the cost of a cherry-picked group of 42 of the thousands of prescription drugs available through the Plan. But because J&J bears the lion's share of the Plan costs, it is not plausible to infer that Defendants' process for selecting a PBM was defective based on such allegations. On the contrary, J&J has every incentive to negotiate the best overall deal for plan pricing and services. *Cf. Thole*, 140 S. Ct. at 1621 (employers "are often on the hook for plan shortfalls," so "the last thing a rational employer wants or needs is a mismanaged [benefits] plan"). The obvious explanation is that Defendants got the best overall deal they could for the entire drug program.

Second, the allegations about the costs of the 42 generic-specialty drugs at issue are insufficient to state a claim. Courts have held that cost disparities alone are not sufficient to state a claim, and instead a plaintiff must show that costs were excessive through an apple-to-apples comparison. *See, e.g.*, *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1149 (10th Cir. 2023). Here, this means Plaintiff must allege not that certain drugs were available at a lower cost, but rather that similarly situated plans paid less for the entirety of a comparable prescription drug program. The Complaint contains no such allegations.

### IV. The Court Should Also Dismiss Count III and Strike the Jury Demand.

In Count III, Plaintiff claims that J&J's Pension & Benefits Committee violated Section 104(b)(4) of ERISA by failing to provide one document that she requested. But liability under that section is triggered only if she made a written request, 29 U.S.C. § 1024(b)(4), and Plaintiff does not allege that she made a written request. Compl. ¶ 176. Count III should be dismissed.

The Court should also strike the jury demand because there is no right to a jury trial for the statutory claims asserted here. *Kairys v. S. Pines Trucking, Inc.*, 75 F.4th 153, 159 (3d Cir. 2023); *Alexander v. Primerica Holdings, Inc.*, 819 F. Supp. 1296, 1305 (D.N.J. 1993).

The Honorable Zahid N. Quraishi
March 21, 2024
Page 4

Respectfully submitted,

/s/ Jeffrey S. Chiesa

Jeffrey S. Chiesa

CC: All counsel of record (via ECF)