**COHEN**MILSTEIN

Michael Eisenkraft
Partner
meisenkraft@cohenmilstein.com

August 1, 2024

**VIA ECF**

The Honorable Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *Lewandowski v. Johnson & Johnson et al.*, No. 3:24-cv-00671-ZNQ-RLS (D.N.J.)

Dear Judge Quraishi,

Plaintiff Ann Lewandowski respectfully submits this notice of supplemental authority to advise this Court of the Third Circuit's recent decision in *Kruchten v. Ricoh USA, Inc.*, No. 23-1928, 2024 WL 3518308 (3d Cir. July 24, 2024), which adds to the authorities cited in Section II.A of Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss. *See* ECF 55 at 29-30, 32-34. A copy of the decision is attached as Exhibit A.

Consistent with prior Third Circuit decisions that addressed applicable pleading standards and reversed district court orders dismissing excessive fee claims under ERISA, *see Mator v. Wesco Distrib. Inc*., 102 F.4th 172 (3d Cir. 2024); *Sweda v. Univ. of Pa*., 923 F.3d 320 (3d Cir. 2019), the Third Circuit also reversed the dismissal of plaintiffs' complaint alleging that the fiduciaries of Ricoh's defined contribution plan breached their fiduciary duties by failing to control the plan's recordkeeping and administrative costs. Recapping its rulings in *Mator* and *Sweda*, the court held that "[r]etirement plan participants can state a claim if the fiduciary charges excessive fees, fails to proactively solicit bids, or fails to use its market power to bargain for lower fees." Ex. A at 6. These are precisely the allegations that Plaintiff Lewandowski asserts here with respect to the choice of the pharmacy benefit manager ("PBM") for the Johnson & Johnson Group Health Plan. *See* First Amended Complaint ("FAC"), ECF 44, at ¶¶ 3-10, 91-92, 100-138 (excessive fees); *id.* at ¶¶ 55, 60, 94, 100 (failure to conduct open request for proposal process and obtain competitive bids); *id.* at ¶¶ 71, 100, 140, 198-200 (alleging defendants squandered the plan's bargaining power).

The *Kruchten* plaintiffs' allegations were strikingly similar to Plaintiff's allegations: they alleged that defendants failed to "solicit bids from competing recordkeeping providers," failed to use their "substantial bargaining power due to the Plan's size" to negotiate lower fees, and failed to "reasonably scrutinize[]" the plan's fees. Ex. A at 3, 6-8. Similar to here, the *Kruchten* plaintiffs also "highlighted the use of revenue-based fees instead of fixed fees, alleging that the former result in higher expenses for Plan participants without increased services compared to fixed fees." Ex. A at 6; *compare* FAC ¶¶ 14, 51-53, 56-59, 90, 98, 141 (discussing revenue sharing rebates paid to Express Scripts and other "traditional" PBMs by drug manufacturers, and defendants' failure to

negotiate fixed fees). In addition, the *Kruchten* plaintiffs included comparisons between the at-issue plan and other plans, Ex. A at 6-7, as Plaintiff also does here, *see* FAC ¶¶ 175-89.[1]

Taking into account "all of the well-pled facts" and "viewing the Complaint as a whole," the Third Circuit concluded that "Plaintiffs sufficiently allege[d] that the Plan's administrators violated their ERISA duties by paying RK&A services fees significantly higher than they would have if they acted with necessary 'care, skill, prudence, and diligence.'" *Id*. at 8-9 (citations omitted). Plaintiff respectfully submits that this Court should reach the same conclusion here. Indeed, the excessiveness of the fees in this case is even greater than in *Kruchten*, where the plaintiffs alleged the fees were only "around two times" higher than they should have been. Ex. A at 9; *compare* FAC ¶¶ 5, 116 (average generic specialty drug markup of close to 500% with some markups over 10,000%); *id.* ¶¶ 124-25 (average generic non-specialty drug markup of over 230%).

                                            Respectfully,

                                       /s/ *Michael Eisenkraft*
                                       Michael Eisenkraft

cc:      Defendants' counsel of record (via ECF)

---

[1] Plaintiff Lewandowski's comparison between the Johnson & Johnson Group Health Plan and the Pepsico Plan is even stronger than the plan comparisons in *Kruchten* because both plans use the same PBM vendor – Express Scripts. *See* FAC ¶ 177. In *Kruchten*, the defendants objected that the plaintiffs were not "providing comparisons to plans using the same recordkeeper as opposed to only ones using other recordkeepers." Ex. A at 9-10.