**COHEN**MILSTEIN

Michael Eisenkraft
Partner
meisenkraft@cohenmilstein.com

September 25, 2024

**VIA ECF**
The Honorable Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *Lewandowski v. Johnson & Johnson et al.*, No. 3:24-cv-00671-ZNQ-RLS (D.N.J.)

Dear Judge Quraishi,

      Plaintiff Ann Lewandowski respectfully submits this notice of supplemental authority to advise the Court of the Third Circuit's recent decision in *Knudsen v. MetLife Group, Inc.*, No. 23-2420 (3d Cir. Sept. 25, 2024), which relates to the standing issues addressed in Section I.A of Defendants' Brief in Support of Defendants' Motion to Dismiss, *see* ECF 52 at 11-17, and Section I.A of Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, *see* ECF 55 at 12-19. A copy of the decision is attached as Exhibit A.

      The *Knudsen* plaintiffs alleged that their employer violated ERISA by improperly pocketing certain drug rebates instead of allocating those rebates to its employee benefit plan. The *Knudsen* plaintiffs' theory of standing, similar to Plaintiff's here, was that "MetLife's illegal conduct has caused them to pay higher out-of-pocket costs, mainly in the form of insurance premiums." Ex. A at 3.[1] In moving to dismiss for lack of standing, MetLife argued that plaintiffs' theory of standing was categorically invalid under *Thole v. U.S. Bank N.A.*, 590 U.S. 538 (2020). MetLife characterized *Thole* as holding that an ERISA beneficiary "has no injury *unless* the plan participants plead that they did not receive promised benefits, i.e., reimbursement of healthcare claims." *Id.* at 12. Johnson & Johnson makes the same argument in this case. *See* ECF 52 at 3, 13-17 (relying on *Thole* and arguing that Plaintiff lacks standing because "[s]he received all of the benefits she was contractually entitled to receive – that is, prescription drug benefits at the cost and under the terms defined in the Plan documents"); *but see* ECF 55 at 14-15 (distinguishing *Thole*).

      The Third Circuit rejected MetLife's (and thus J&J's) argument: "[W]e agree with **Plaintiffs**. Thus, we decline to hold that *Thole* and [*Perelman v. Perelman*, 793 F.3d 368, 374 (3d Cir. 2015)] require dismissal, under Article III, *whenever* a participant in a self-funded healthcare plan brings an ERISA suit alleging that mismanagement of plan assets increased his/her out-of-pocket expenses." Ex. A at 13 (emphasis added). Instead, the court explained, ERISA plaintiffs

---

[1] Plaintiff here also alleges that her out-of-pocket costs for the drugs themselves (not only the premiums) were higher. Such allegations were not present in *Knudsen*.

have Article III standing if their complaint "include[s] nonspeculative allegations, that if proven, would establish that they have or will **pay more in premiums, or other out-of-pocket costs**" as a result of the defendant's ERISA violations. *Id.* at 14 (emphasis added).²

As Plaintiff already described in her Brief in Opposition to Defendants' Motion to Dismiss (in reference to the district court's opinion), the *Knudsen* plaintiffs failed to meet this standard, as they "alleged only that 'it *may* have been consistent with [Defendant's] fiduciary duties for Defendant to reduce ongoing contributions on account of the rebates collected by the Plan,' without any facts suggesting that the defendant actually would have done so." ECF 55 at 17-18. The Third Circuit agreed, explaining "the Complaint does not include well-pleaded allegations" that MetLife's conduct "was the but-for-cause of their injury in fact, namely, an increase in their out-of-pocket costs above what they would have been if MetLife had deposited the rebate monies into the Plan trust." Ex. A at 16-17; *see id.* at 17 ("These allegations readily permit an inference that even if MetLife had not committed ERISA violations, it *may not* have" impacted the costs borne by participants)). The court emphasized, however, that "in a different case, a plaintiff may well establish such a financial injury sufficient to satisfy Article III." *Id.* at 13.

This is that case. As Plaintiff already described in her Brief in Opposition to Defendants' Motion to Dismiss, the Amended Complaint includes the specific, non-speculative allegations that the Third Circuit held would satisfy standing, but that the *Knudsen* complaint lacked. *See* ECF 55 at 17-18; Am. Compl. ¶¶ 190-96. In other words, the *Knudsen* plaintiffs put forward the right theory, with insufficient allegations. Here, by contrast, Plaintiff matches the right theory with the requisite allegations. Instead of alleging that the defendant "may have" done various things, *see* Ex. A at 17, Plaintiff here specifically alleges, with accompanying data, that Defendants "set the required employee contributions each year as a percentage of expected spending by the Plans," Am. Compl. ¶ 192, that Defendants purposefully set that percentage "at the level necessary to maintain a consistent and stable ratio of employer contributions and employee contributions," *id.*, and that as a result, "if Defendants stopped causing the Plans to overspend on prescription drugs by millions of dollars each year[,] employee contributions would be lower as well, in order to maintain the same split between employer and employee contributions to which Defendants have demonstrated their commitment," *id.* ¶ 193; *see also* ECF 55 at 15-19. In addition, Plaintiff includes allegations that the direct costs paid by her and other participants for the drugs themselves, which were not covered by insurance, also increased. *Id.* ¶ 198-200; *see also id.* ¶¶ 103-116, 118-121  This is sufficient for standing under the Third Circuit's decision in *Knudsen*.

Respectfully,

    /s/ *Michael Eisenkraft*
Michael Eisenkraft

cc:    Defendants' counsel of record (via ECF)

---

² This holding also implicitly rejects the argument Defendants raised for the first time in their reply brief—namely, that "Plaintiff cannot predicate standing for her fiduciary claims on allegedly higher premiums." Defs.' Reply in Support of Defs.' Motion to Dismiss, ECF 59 at 4.