

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

JEFFREY S. CHIESA
Member

jchiesa@csglaw.com

O  973.530.2050          F  973.325.1501

October 2, 2024

**Via ECF**

The Honorable Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *Lewandowski v. Johnson & Johnson et al.*, No. 3:24-cv-00671-ZNQ-RLS

Dear Judge Quraishi:

      Defendants submit this letter to address *Knudsen v. MetLife Group, Inc.*, No. 23-2420 (3d Cir. Sept. 25, 2024), along with Plaintiff's notice of supplemental authority regarding the same (Dkt. 61). In *Knudsen*, the Third Circuit determined that the plaintiffs lacked standing. For similar reasons, Plaintiff lacks Article III standing here. In particular, Plaintiff claims she has standing because Defendants' challenged actions allegedly increased her (i) health care premiums and (ii) out-of-pocket costs for prescription drugs. *Knudsen* confirms that neither theory confers standing.

**I.**    ***Knudsen* Forecloses Plaintiff's Standing Arguments Regarding Higher Premiums.**

      In *Knudsen*, the plaintiffs claimed they had standing because the costs they paid in connection with their health plan – including costs for premiums – allegedly increased as a result of defendants' conduct. Slip op. at 16. In particular, they alleged that premiums were generally set at 30% of projected plan costs, so that if overall plan costs were lower, their premiums would have been lower too. *Knudsen v. MetLife Grp., Inc.*, 2023 WL 4580406, at *1 (D.N.J. July 18, 2023). The district court had rejected this theory as "speculative and conclusory." *Id.* at *5 (quoted in Dkt. 52 ("MTD") at 16). The Third Circuit agreed and affirmed dismissal. It explained that a complaint must plausibly allege the challenged conduct was the "but-for cause" of higher premiums, such as by alleging "in what years" and "by how much" premiums increased, or how premiums are calculated "under the Plan documents." *Knudsen*, slip op. at 16–17. "Allegations of this sort are necessary" to plead Article III standing. *Id.* at 17.

      Plaintiff's allegations about premiums here are indistinguishable from the allegations that were rejected in *Knudsen*. Both complaints ignored the many factors that can affect premiums, such as non-drug medical costs, and both complaints failed to show that the way in which "Plan documents . . . calculate" premiums made any injury fairly traceable to the challenged conduct. *Id.*

The Honorable Zahid N. Quraishi
October 2, 2024
Page 2

Though Plaintiff's allegations include a graph purportedly showing that premiums were approximately the same percentage of projected costs each year, Dkt. 44 (Am. Compl.) ¶¶ 192–93, those allegations are no better than the *Knudsen* plaintiffs' allegation that premiums were generally set at 30% of projected plan costs. *See Knudsen*, 2023 WL 4580406, at *1. In both cases, the notion that premiums would have been lower if projected costs had been lower was too speculative to confer standing. Moreover, setting premiums is a non-fiduciary function – an additional reason why the allegations about premiums cannot support standing for ERISA fiduciary claims. *See* MTD at 14–16 (discussing Plaintiff's allegations about premiums); Dkt. 59 ("Reply") at 2–7 (same).[1]

Plaintiff claims that *Knudsen* "agree[d] with Plaintiffs," Dkt. 61, but the quoted dicta addressed only "a purely theoretical proposition" that does not help Plaintiff here, *Knudsen*, slip op. at 13. In particular, the Third Circuit agreed with the *Knudsen* plaintiffs on only the narrow proposition that *Thole v. U.S. Bank N.A.*, 590 U.S. 538 (2020), does not categorically require dismissal every time "a participant in a self-funded healthcare plan brings an ERISA suit alleging that mismanagement of plan assets increased his/her out-of-pocket expenses." *Knudsen*, slip op. at 13. Instead, the court explained, participants can show standing through allegations that their plan sponsor charged them "more . . . than is allowed under Plan documents." *Id.* In those circumstances, "the purported violative conduct was the but-for cause of their injury" because participants have an "individual right" to the monies they are owed under the terms of the Plan. *Id.* at 17. The plaintiffs in *Knudsen* alleged no such individual right and therefore lacked Article III standing. The same is true here. Plaintiff has not alleged that she was charged more than the Plan documents permit. She "fall[s] short of alleging concrete harm." *Id.* at 13–14.

**II.     *Knudsen* Confirms That Plaintiff's Standing Arguments About Out-Of-Pocket Costs For Prescription Drugs Also Fail.**

As noted above, Plaintiff's second theory of standing is that she allegedly paid too much in out-of-pocket costs for prescription drugs. Her notice is silent as to whether *Knudsen* helps her on this theory. *See* Dkt. 61. And for good reason; *Knudsen* undermines it. The Third Circuit held that, to show Article III standing, a plaintiff must plausibly allege her out-of-pocket costs increased "above what they would have been" but for the challenged actions. *Knudsen*, slip op. at 17. Here, it is undisputed that Plaintiff's utilization of non-drug medical services was such that she would have reached her $3,500 out-of-pocket maximum each year during the relevant period even if the cost of prescriptions drugs obtained through the PBM had been free. MTD at 17–21; Reply at 7–10; *see also* Dkt. 53 ¶¶ 6–10. Because Plaintiff's out-of-pocket costs were unaffected by the challenged actions, she does not have standing.

---

[1] Contrary to the assertion in Plaintiff's notice, Defendants raised arguments regarding the insufficiency of Plaintiff's allegations about premiums in both their opening brief and reply. *See, e.g.*, MTD at 14 ("Plaintiff's conclusory allegation that Defendants' imprudence caused higher premiums . . . is speculative and thus cannot confer standing.").

The Honorable Zahid N. Quraishi
October 2, 2024
Page 3

                                                Respectfully submitted,

                                                */s/ Jeffrey S. Chiesa*

                                                Jeffrey S. Chiesa

CC:    All counsel of record (via ECF)

4887-0863-3323.v1