**McCARTER & ENGLISH, LLP**
David R. Kott, Esq.
Joseph G. Braunreuther, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 624-7070 FAX

**SIDLEY AUSTIN LLP**
Mark B. Blocker, Esq. (*pro hac vice*)
Scott D. Stein, Esq. (*pro hac vice*)
Caroline A. Wong, Esq. (*pro hac vice*)
One South Dearborn
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 FAX

Attorneys for Defendants
   *Johnson & Johnson and The Pension*
   *& Benefits Committee of Johnson & Johnson*

|  |  |
|---|---|
| ANN LEWANDOWSKI, on her own behalf, on behalf of all others similarly situated, and on behalf of the Johnson & Johnson Group Health Plan and its component plans,<br><br>                      Plaintiff,<br>v.<br><br>JOHNSON AND JOHNSON AND THE PENSION & BENEFITS COMMITTEE OF JOHNSON AND JOHNSON,<br><br>                      Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 3:24-cv-00671-ZNQ-RLS<br><br>Honorable Zahid N. Quraishi<br>Honorable Rukhsanah L. Singh<br><br>**ORDER ADMITTING ERIC S. MATTSON, ESQ. *PRO HAC VICE*** |

     **THIS MATTER** having come before the Court by McCarter & English, LLP, attorneys for Defendants Johnson & Johnson and the Pension & Benefits Committee of Johnson and Johnson for an Order, pursuant to Local Rule 101.1(c), permitting Eric S. Mattson, to appear and participate *pro hac vice* on behalf of Defendants Johnson & Johnson and the Pension & Benefits Committee of Johnson and Johnson and Counsel for Plaintiffs, having consented to the Entry of this Order; and the Court having considered this mater pursuant to Federal Rule of Civil Procedure 78 and

good cause having been shown; there being no opposition to this application; and for good cause shown,

It is on this 22d day of November 2024,

**ORDERED** that the application for the *pro hac vice* admission of Eric S. Mattson, Esq. on behalf of Defendants in this matter is GRANTED; it is further

**ORDERED** that Eric S. Mattson, Esq. shall abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting his standing at the bar of any court; it is further

**ORDERED** that Eric S. Mattson, Esq. is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions that may arise from his participation in this matter; it is further

**ORDERED** that David R. Kott, Esq. shall (a) be attorney of record in this case in accordance with Local Civil R. 101.1(c), (b) be served all papers in this action and such service shall be deemed sufficient service upon Eric S. Mattson, Esq. (c) sign (or arrange for a lawyer in his firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court, (d) appear (or arrange for a lawyer in his firm admitted to practice in New Jersey to appear) at all proceedings, and (e) be responsible for the conduct of the cause and counsel in this matter; it is further

**ORDERED** that Eric S. Mattson, Esq. shall make a payment to the New Jersey Lawyers' Fund for Client Protection as required by New Jersey Court Rule 1:28-2(a) and shall continue to make such payments for any year in which he continues to represent a client in a matter pending in this Court; it is further

**ORDERED** that Eric S. Mattson, Esq. shall make a payment of $150 $250 payable to the Clerk *RLS*

of the Court; and it is further

**ORDERED** that Eric S. Mattson, Esq. shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule 1:21-7, as amended; and it is further

**ORDERED** that all terms of the Orders entered in this case shall remain in full force and effect and no delay in any other proceeding shall occur because of the participation of Mr. Mattson or his inability to attend any proceedings.

Dated: November 22, 2024

RUKHSANAH L. SINGH
U.S. MAGISTRATE JUDGE