David R. Kott
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
dkott@mccarter.com

Scott D. Stein (*pro hac vice*)
Eric S. Mattson (*pro hac vice*)
Caroline A. Wong (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
sstein@sidley.com
emattson@sidley.com
caroline.wong@sidley.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN LEWANDOWSKI and ROBERT GREGORY, on their own behalf, on behalf of all others similarly situated, and on behalf of the Johnson & Johnson Group Health Plan and its component plans,<br><br>        Plaintiffs,<br><br>   v.<br><br>JOHNSON & JOHNSON and THE PENSION & BENEFITS COMMITTEE OF JOHNSON & JOHNSON,<br><br>        Defendants. | Case No. 3:24-cv-00671-ZNQ-RLS |

## DEFENDANTS' OPPOSITION TO
## MOTION FOR LEAVE TO FILE AMICUS BRIEF

## <u>TABLE OF CONTENTS</u>

INTRODUCTION..................................................................................................1

LEGAL STANDARD ...........................................................................................1

ARGUMENT .......................................................................................................2

    I.    Professor Monahan lacks a special interest in the case, the parties have addressed the relevant issues, and most of the proposed amicus brief parrots Plaintiffs' arguments......................................................................2

    II.   The proposed amicus brief improperly raises arguments not briefed by the parties. ..................................................................................................3

CONCLUSION ....................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                    **Page(s)**

*American Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*,
    699 F.2d 644 (3d Cir. 1983) ...................................................................................2

*Burwell v. Hobby Lobby Stores, Inc.*,
    573 U.S. 682 (2014) ...........................................................................................3

*Professional Drug Co. v. Wyeth, Inc.*,
    2012 WL 4794587 (D.N.J. Oct. 3, 2012) ...........................................................3

*United States v. New Jersey*,
    2021 WL 252270 (D.N.J. Jan. 26, 2021) .........................................................1, 2

## **INTRODUCTION**

Amy B. Monahan, a law professor who seeks to file an amicus brief in support of Plaintiffs, has no special interest in this case. Her proposed brief echoes Plaintiffs' arguments on certain issues and improperly raises tangential issues not briefed by the parties. The brief will not assist the Court in resolving the pending motion to dismiss, so leave to file it should be denied. If the Court does grant leave to file the brief, Defendants respectfully request leave to file a brief in response to the new arguments raised by the proposed amicus.

## **LEGAL STANDARD**

Allowing an amicus brief in district courts is a matter of the court's discretion. *United States v. New Jersey*, 2021 WL 252270, at *1 n.2 (D.N.J. Jan. 26, 2021). Amicus briefs "may be less appropriate" at the district court level than at the appellate level. *Id.* Relevant factors in assessing the desirability of amicus participation include (1) whether the amicus has a "special interest" in the litigation, (2) whether any special interest is "represented competently" by the parties, (3) whether the amicus brief is "useful," and (4) whether the amicus is "partial to a particular outcome." *Id.* (quoting *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002)).

## **ARGUMENT**

I.  **Professor Monahan lacks a special interest in the case, the parties have addressed the relevant issues, and most of the proposed amicus brief parrots Plaintiffs' arguments.**

The proposed amicus brief resembles briefs rejected in other cases. For example, the Third Circuit denied leave to file a brief written by advocacy groups and law professors who, like Professor Monahan, had no special interest in the proceedings, and whose only concern was how the court would "interpret the law." *American Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983). There was "no indication" in the *American College* case that the parties and other existing amici would not adequately address the issues. *Id.* Similarly, this Court has denied leave to file an amicus brief when the Court was already "familiar with both the facts and legal issues." *New Jersey*, 2021 WL 252270, at *1 n.2 (Wolfson, C.J.).

This Court should deny leave to file Professor Monahan's amicus brief for the same reasons: She has no special interest in the case (except as an ERISA scholar, *see* Dkt. 80-1 at 2–3), and the parties have already thoroughly briefed the relevant issues in connection with two motions to dismiss. Most of the proposed amicus brief echoes Plaintiffs' "out-of-pocket" theory of standing. *Compare* Dkt.

2

80-2 ("Proposed Amicus Br.") at 2–11 *with* Dkt. 77 ("Pls.' Opp.") at 8–15.[1] That issue was fully briefed without the assistance of amici in connection with Defendants' first motion to dismiss, and has been thoroughly briefed again in connection with Defendants' motion to dismiss the Second Amended Complaint.

The amicus brief essentially would give Plaintiffs extra pages to oppose the motion to dismiss. It would not contribute meaningfully to this Court's consideration of the issues before it. *See Professional Drug Co. v. Wyeth, Inc.*, 2012 WL 4794587, at *2 (D.N.J. Oct. 3, 2012) (rejecting "partial" amicus brief that did "little more" than repeat party arguments). Leave to file the brief should be denied.

## II.    The proposed amicus brief improperly raises arguments not briefed by the parties.

Although amicus briefs often highlight background information or policy considerations, courts typically decline to consider arguments the parties have not addressed. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 720–21 (2014). Here, in addition to parroting Plaintiffs' argument about their "out-of-pocket"

---

[1] The proposed amicus brief says nothing to support Plaintiffs' "excessive premiums" theory of standing. It comes close to conceding that a recent Third Circuit decision forecloses that argument. *See* Proposed Amicus Br. at 9–10 ("Because the alleged harm was premised on changes to plan design or premium amounts the employer might voluntarily make if the plan directly received drug rebates, the Third Circuit found the harm to be merely speculative.") (citing *Knudsen v. MetLife*, 117 F.4th 570, 580 (3d Cir. 2024)).

theory of standing, the proposed amicus brief raises two new points that appear nowhere in Plaintiffs' brief. First, the amicus brief includes an argument about Plaintiffs being injured "based on their status as VEBA trust beneficiaries"—an argument Plaintiffs failed to raise in either of their oppositions to the motions to dismiss. *See* Proposed Amicus Br. at 11–14. Second, the amicus brief includes a digression about ERISA remedies, *see id.* at 14–16—an issue that was not briefed by the parties[2] and that is irrelevant to the questions of law currently before the Court. The Court need not entertain either of these newly raised arguments, and it would be unfair to allow them to be presented solely via an unanswered amicus brief. Alternatively, to the extent the Court determines these arguments are relevant, Defendants should be permitted to submit a response to them.

## <u>CONCLUSION</u>

Defendants respectfully request that the Court deny leave to file the amicus brief or, in the alternative, allow Defendants to submit a response to that brief.

Dated: June 23, 2025                        Respectfully submitted,

                                                                    */s/ David R. Kott*
                                                                    David R. Kott

---

[2] Plaintiffs referenced ERISA surcharges, Pls.' Opp. at 15, but the amicus brief included a lengthier discussion of proposed ERISA remedies, including "ordering specific performance to oversee or reform the defendant's PBM contracting process." Proposed Amicus Br. at 14–16.

MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
dkott@mccarter.com

Scott D. Stein (*pro hac vice*)
Eric S. Mattson (*pro hac vice*)
Caroline A. Wong (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
sstein@sidley.com
emattson@sidley.com
caroline.wong@sidley.com

*Attorneys for Defendants*